UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | No. 3:23-00081 |
| ) | JUDGE CRENSHAW |
| v. ) | |
| ) | |
| **JOSIAH ERNESTO GARCIA** ) | |

### DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY

Defendant Josiah Ernesto Garcia respectfully moves to exclude any expert testimony from FBI Agent Carla Rexing because the government has failed to disclose the substance of that testimony, thereby preventing Garcia from preparing to respond to it.

**I.      Statement of Facts**

Rule 16(a)(1)(G) requires the government to provide certain discovery materials to the defense before trial with respect to its expert witnesses, including "*a written summary of any testimony* that the government intends to use" from such a witness.  *Id.* (italics added). That rule "is intended to minimize surprise that often results from unexpected expert testimony" and "to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination." Fed. R. Crim. P. 16, Advisory Committee Notes to 1993 Amendment.

On January 29, 2024, the Court held a status conference where it ordered the government to give Garcia notice of any expert testimony by March 29, 2024. (Minutes, R.69, PageID# 524.) Trial was set for June 25, 2024, with a status conference on April 29. (*Id.*) At the status conference on April 29, the government represented that it had provided Garcia with all

discovery, and the Court confirmed trial would be held on June 25. (Minutes, R.84, PageID# 549.)

On May 15, 2024, the government filed a "Notice of Expert," regarding FBI Agent Rexing. (R.89, PageID# 561.) Agent Rexing was evidently responsible for extracting data or information from Garcia's cell phone and laptop. The government's Notice of Expert accurately reports that undersigned counsel agreed he would not object to Agent Rexing testifying to "the *information* she obtained from reviewing the extraction of the Defendant's cellular phone and laptop." (*Id.* at PageID# 562 (italics added).) But the government gives belated notice that it intends to have Agent Rexing testify beyond reporting information; now it also intends to have her testify, based on her expertise, to "opinion[s]" she has reached by extracting or reviewing that information. *See* Fed. R. Evid. 702. Nonetheless, the government has *not* provided "a written summary" of Agent Rexing's anticipated expert opinion testimony. Fed. R. Crim. P. 16(a)(1)(G). Rather, it has simply listed four topics she might address. (R.89, PageID# 562.)

**II.     Argument**

Rule 16(a)(1)(G)'s disclosure requirement implicitly demands that the government's "written summary" of expert testimony meet certain standards. Disclosing a list of "topics" of expert testimony does not suffice; the disclosure must state the substance of the expected testimony. *United States v. Williams*, 900 F.3d 486, 489 (7th Cir. 2018) ("[I]n defining the phrase 'written summary,' we have stated broadly and unequivocally that Rule 16(a)(1)(G) requires a summary of the expected testimony, not a list of topics.") (cleaned up). Likewise, if a summary is otherwise so vague that the opponent lacks fair warning of what the expert will say at trial, it fails to satisfy Rule 16(a)(1)(G). *See, e.g., United States v. Day*, 524 F.3d 1361, 1371-72 (D.C. Cir. 2008) (sustaining exclusion of expert testimony because written summary lacked

statement of conclusions and diagnosis); *United States v. Rettenberger*, 344 F.3d 702, 706 (7th Cir. 2003) (sustaining exclusion of expert testimony because written summary wasn't detailed enough to allow opponent to adequately prepare for cross-examination). By the same token, to be adequate a summary must be a definitive statement of what the expert will in fact say at trial, not counsel's best guess or assumption about what he will say. *United States v. Deskins*, 2012 U.S. Dist. LEXIS 195524, *5 (E.D. Va. Jan. 9, 2012) (excluding expert testimony where the written summary was based on counsel's assumptions drawn from certain documentation).

Here, the government's disclosure is patently inadequate because it simply lists topics that Agent Rexing might address, failing to disclose the substance of any opinion. *Williams*, 900 F.3d at 489. This inadequate disclosure prevents Garcia from properly preparing for any expert opinion Agent Rexing offers. Worse yet, this inadequate disclosure is made about six weeks after the March 29th deadline.

"Trial courts have the discretion to weigh various options in deciding how to address" a violation of Rule 16(a)(1)(G). *Day,* 524 F.3d 1372. A court should consider the reason for the violation, the degree of prejudice suffered by the opponent, and any available less-severe sanction. *United States v. Ganier,* 468 F.3d 920, 927 (6th Cir. 2006). One available sanction—which is expressly allowed by the Rule and by the Supreme Court—is exclusion of the witness's testimony. *See* Fed. R. Crim. P. 16(d)(2)(C); *Taylor v. Illinois,* 484 U.S. 400, 414-16 (1988). As reflected by the cases cited above, this sanction may be appropriate when the summary of an expert's testimony is inadequate. *See Day*, 524 F.3d at 1371-72; *Rettenberger*, 344 F.3d at 706; *Deskins*, 2012 U.S. Dist. LEXIS 195524 at *5. Here, the summary is not merely inadequate, but it is belated. As in the cases cited above, this Court should exclude the expert's testimony.

## Conclusion

For the foregoing reasons, defendant Josiah Garcia respectfully asks that the Court exclude any expert testimony from Agent Carla Rexing.

Respectfully submitted,

s/ *David Fletcher*
DAVID FLETCHER
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, Tennessee 37203
615-695-6951
David_fletcher@fd.org

Attorney for Josiah Ernesto Garcia

## CERTIFICATE OF SERVICE

      I hereby certify that on May 20, 2024, I electronically filed this document with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Brooke Schiferle, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, Tennessee, 37203.

                                      s/ *David Fletcher*
                                      DAVID FLETCHER

5

Case 3:23-cr-00081   Document 92   Filed 05/20/24   Page 5 of 5 PageID #: 572