UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:23-cr-00081 |
| | ) | |
| JOSIAH ERNESTO GARCIA | ) | |

### ORDER

On June 17, 2024, the Court held its final pretrial conference. The Court offered several trial dates from which the parties could choose. Also on that date, Mr. Garcia filed a Waiver of Speedy Trial, consenting to a continuance until December 31, 2024. (Doc. No. 129 at 1–2). On June 18, 2024, the parties filed a Joint Status Report (Doc. No. 127), wherein they informed the Court that they had agreed to try the case on October 1, 2024. (Doc. No. 132 at 1).

On July 22, 2024, the Government filed a Motion for Order Excluding Speedy Trial Time (Doc. No. 134) requesting that the Court issue a written order expressing its reason(s) for excluding time under the Speedy Trial Act. The Court obliges.

Multiple 18 U.S.C. § 3161(h)(7)(B) factors indicate an ends-of-justice continuance. See United States v. Brown, 100 F.4th 703, 712 (6th Cir. 2024) ("First, before the continuance begins, the district court must consider certain statutory factors . . ."). Most notably, by the schedules of both the Government and defense counsel, and the length of the continuance became necessary to not unreasonably deny the Government and Mr. Garcia continuity of counsel. Likewise, the Government indicated that one of its witnesses would be unavailable on account of the witness taking parental leave and that it intended to call a substitute witness in her stead. The continuance is further warranted to allow Mr. Garcia and his legal team time to prepare for an unforeseeable additional witness. Mr. Garcia is likely to be prejudiced if he is not adequately prepared for trial

despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried.

The factors supporting the continuance were in clear view of the Court, and their underlying facts were discussed on the record with the parties prior to the Court resetting the trial date. Accordingly, prior to setting a new trial date, the Court determined that the ends of justice would be served by a continuance and would outweigh the defendant's and public's interest in a speedy trial. The Court need not have reached this conclusion explicitly on the record. See Brown, 100 F.4th at 712 ("Next—but still before granting the continuance—the district court must make findings, even if only in the judge's mind, that the ends of justice would outweigh the defendant's and public's interest in a speedy trial.").

For the aforementioned reasons, the Court reiterates its earlier finding that the ends of justice are served by the granting of the continuance in this case from June 25, 2024, until October 1, 2024, outweigh the best interests of the pubic and the defendant's in a speedy trial, and excluding that time under 18 U.S.C. § 3161(h)(7)(A).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE