

U.S. PROBATION & PRETRIAL SERVICES
Middle District of Tennessee

# memorandum

**Date:** January 31, 2025
**From:** Taylor Stewart
U.S. Probation Officer
**Subject:** Josiah Ernesto Garcia
Docket No.: 3:23CR00081
**To:** Honorable Waverly D. Crenshaw, Jr.
U.S. District Judge

### Monitoring Software

On April 13, 2023, the defendant appeared before the Honorable Jeffery S. Frensley, U.S. Magistrate Judge, for an initial appearance hearing as a result of being charged with Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire. On April 19, 2023, a detention hearing was conducted, and the Court ordered his conditional release be stayed until April 20, 2023. On April 20, 2023, the stay of release was lifted, and the defendant was released by Your Honor to pretrial services supervision and other conditions. The defendant previously resided in the Southern District of Ohio, and on September 6, 2024, he relocated to the Northern District of Ohio. Courtesy supervision is provided by Cheryce Burton, United States Probation Officer (USPO).

On September 8, 2023, the Court modified the defendant's release condition to allow him to access the internet to attend online college classes. However, his computer access is subject to monitoring software at the discretion of pretrial services. For computer monitoring, the probation office in the Northern District of Ohio utilizes RemoteCOM to monitor all internet activity. On September 26, 2024, RemoteCOM was remotely installed on the device. For RemoteCOM to monitor the defendant's online activity, he needed to utilize the internet. On January 24, 2025, the defendant's contract with RemoteCOM was inactivated due to failure to pay. His outstanding balance is $180. The defendant's release conditions did not specify who (the defendant or pretrial services) is responsible for payment; however, the defendant was instructed on several occasions to pay for his monitoring software and failed to do so. USPO Burton stated the defendant reported he remains employed; however, he has not provided any proof of employment.

On January 30, 2025, this officer spoke with a representative from RemoteCOM, who reported the defendant's computer has an older internal processor which retrieved the data at a slower pace than normal. The representative further reported that the defendant appeared to be compliant with only utilizing the computer for college assignments. Since the defendant is no longer attending online classes and access to his laptop has been restricted, there is no data to upload for RemoteCOM to review.

USPO Burton will remain in contact with Pretrial Services in the Middle District of Tennessee regarding any concerns with the defendant's compliance with his release conditions.

Approved:

*Kimberly Haney*

Kimberly J. Haney
Supervisory U.S. Probation Officer

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Case No. 3:23-mj-02033 |
| | ) | |
| Josaiah Ernesto Garcia | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

JG (1) The defendant must not violate federal, state, or local law while on release.

JG (2) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

JG (3) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
*Place*

on _____
*Date and Time*

If blank, defendant will be notified of next appearance.

JG (4) The defendant must sign an Appearance Bond, if ordered.

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(☒) (6) The defendant is placed in the custody of:
Person or organization    Heather Diaz
Address *(only if above is an organization)*
City and state                                                                                            Tel. No.

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
                         *Custodian*                                         *Date*

(☒) (7) The defendant must:

(☒) (a) submit to supervision by and report for supervision to the Pretrial Services office as directed,
telephone number _____, no later than _____.

(☒) (b) continue or actively seek employment as preapproved by Pretrial Services. Defendant to notify employer of pending charges and provide location and times of employment to the Court.

(☐) (c) continue or start an education program.

(☐) (d) surrender any passport to: _____

(☐) (e) not obtain a passport or other international travel document.

(☒) (f) abide by the following restrictions on personal association, residence, or travel: Defendant must not travel outside the MDTN and SDOH without court approval. Travel is restricted for employment, court hearings, attorney visits, and other activites approved by Pretrial Services

(☐) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

(☒) (h) get medical or psychiatric treatment: Assessment to be completed wtihin 2 weeks

(☐) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(☐) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

(☒) (k) not possess a firearm, destructive device, or other weapon.

(☐) (l) not use alcohol (☐) at all (☐) excessively.

(☐) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(☐) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(☐) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(☒) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
    (☐) (i) **Curfew.** You are restricted to your residence every day (☐) from _____ to _____, or (☐) as directed by the pretrial services office or supervising officer; or
    (☒) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    (☐) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court; or
    (☐) (iv) **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions. However, you must comply with the location or travel restrictions as imposed by the court.
    **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.

AO 199B (Rev. 12/20) Additional Conditions of Release

## ADDITIONAL CONDITIONS OF RELEASE

( ☐ ) (q) submit to the following location monitoring technology and comply with its requirements as directed:
    ( ☐ ) (i)   Location monitoring technology as directed by the pretrial services or supervising officer; or
    ( ☐ ) (ii)  Voice Recognition; or
    ( ☐ ) (iii) Radio Frequency; or
    ( ☐ ) (iv) GPS.

( ☐ ) (r) pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( ☐ ) (s) report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( ☒ ) (t) Defendant may access the intenet for employment purposes only with prior approval by Pretrial Services

AO 199C (Rev. 09/08) Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

### Directions to the United States Marshal

(x) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4/26/2023

_____
Judicial Officer's Signature

Waverly D. Crenshaw, Jr. Chief United States District Judge
Printed name and title

DISTRIBUTION: COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) 3:23-cr-00081 |
| | ) |
| JOSIAH ERNESTO GARCIA | ) |

## ORDER

Defendant's Motion to Modify Conditions of Release (Doc. No. 48) is **GRANTED.** The Order Setting Conditions of Release (Doc. No. 29) is **MODIFIED** as follows:

(1) Paragraph 7(f) is modified to allow Defendant to attend college classes and educational functions.

(2) Paragraph 7(t) is expanded to allow Defendant to access the Internet to attend online college classes. Said usage, however, is subject to monitoring software at the discretion of pretrial services.

(3) Paragraph 7(q)(i) is added. Defendant shall submit to location monitoring technology as directed by pretrial services.

(4) Paragraph 7(p)(ii) requiring home detention is removed.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Motion (82) is **GRANTED**. Josiah Garcia is permitted to access and attend Zoom meetings for his employment.

*Waverly D. Crenshaw, Jr*
US District Judge

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 3:23-00081 |
| v. ) | JUDGE CRENSHAW |
| ) | MAGISTRATE JUDGE FRENSLEY |
| ) | |
| ) | |
| JOSIAH ERNESTO GARCIA ) | |

### UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(3), the Court may amend the release order to impose different conditions of release at any time. Through undersigned counsel, Josiah Garcia respectfully moves this Honorable Court to modify the conditions set in the Court's April 28, 2023, release order. (See D.E. #29). Specifically, Mr. Garcia requests the Court modify condition "t" restricting use of internet for employment purposes only. For the reasons set forth below, Mr. Garcia seeks to modify the conditions of his release.

Since the Court released Mr. Garcia, his compliance has been perfect. He obtained a job shortly after his release and has remained in this position since May. He complied with his home detention order and has also refrained from using the internet. Mr. Garcia was subsequently laid off from his job at Magna. He was very persistent in searching for other jobs afterwards. Recently, Mr. Garcia was hired as an appointment setter by G3 Solar company. This job requires the employee to "canvass neighborhoods in the area, set appointments for homeowners to receive solar energy alternatives, and meet via zoom 2-3 times a week." Though this Court previously set as a condition that "defendant may access internet for employment purposes only with prior approval by Pretrial Services" (D.E. 29), Mr. Garcia has not been given approval to attend zoom meetings without court