UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 3:23-CR-00081 |
| v. | ) | |
| | ) | Judge Crenshaw |
| JOSIAH GARCIA | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

The United States, by and through Acting United States Attorney Robert E. McGuire and Assistant United States Attorney Brooke K. Schiferle, hereby submits this sentencing memorandum on behalf of the United States.

On September 20, 2024, defendant pled guilty to the sole count of the Indictment, pursuant to a plea agreement wherein both parties agreed that they could each recommend any sentence, while the United States agreed to not request a sentence in excess of 60 months. Having reviewed the Revised Pre-Sentence Report and Addendum dated January 24, 2025, the United States concurs with calculations concerning the advisory Guideline range promulgated by the United States Sentencing Guidelines of 87 to 108 months. For the reasons explained below, the United States recommends a sentence of 60 months incarceration.

### APPLICABILITY OF THE SENTENCING FACTORS IN 18 U.S.C. § 3553(a)

While a sentencing court must start any sentencing procedure with a calculation of the applicable Guideline range, the court must then consider the argument of the parties and factors set forth in 18 U.S.C. § 3553(a). *See Peugh v. United States*, 569 U.S. 530 (2013). The factors that the court is to consider are outlined below with a brief discussion of their applicability or inapplicability following that follows:

I.   **"The nature and circumstances of the offense and the history and characteristics of the defendant."**

As described in depth in the PSR and in other pleadings in this case (see Memorandum in Support of Detention, D.E. 22), defendant sought out employment as a hired killer, and accepted payment in exchange for his promise to kill a person. Furthermore, defendant has firearms training and owned a rifle he intended to use to commit murder-for-hire.

Defendant's personal characteristics and background are detailed at length in the supplement to the PSR dated February 18, 2025.[1]

Rather than re-state all those facts here, the United States incorporates those facts by reference.

**Considerations regarding the sentence imposed:**

Section Two of 18 U.S.C. § 3553(a) deals with the requirements of any sentence to be imposed and, in turn, lists a variety of sub-factors for a court to consider in fashioning a sentence. Those include the following:

"(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;"

18 U.S.C. § 3553(a)(2)

---

[1] The attached psychological evaluation, dated March 14, 2014, was not provided to probation or the government prior to February 18, 2025.

The punishment ordered should take into account the seriousness of the conduct – there is arguably no more serious conduct than the taking of another human's life. While thankfully that did not occur here, defendant admitted during his plea colloquy that it was his intent to do so.

The United States agreed to recommend to the Court a sentence not higher than 60 months, which is substantially less than the defendant's guideline range. Thus, the mitigating factors in this case have already been considered by the government in entering this agreement.

The United States expects defendant to ask for a sentence with no incarceration, and to argue that the defendant's performance on pre-trial release supports that a probationary sentence is appropriate. The United States admits that defendant has performed well on release. However, that alone is insufficient to support a probationary sentence for someone who sought out and accepted employment as a contract killer. A sentence of incarceration is necessary in this case to provide just punishment, promote respect for the law, deter the public from crimes of this nature, and to prevent unjust sentencing disparities.

## II. Issues with the Sentence; Policy Considerations; Restitution

The remainder of the factors described in 18 U.S.C. § 3553(a) are concerned with the kinds of sentences available to the court, the category of offense, any amendments to the guidelines, any pertinent policy statements by the U.S.S.G., a need for unwanted sentencing disparity and restitution.

The United States respectfully submits that most of these factors are not applicable to this Defendant. The Guideline range contained in the PSR is below the statutory maximum for this offense and no amendments to the Guidelines or relevant federal statutes apply to the Defendant. The United States notes that this sentence is not pursuant to a violation of probation or supervised release. The United States is unaware of any pertinent policy statements concerning the

defendant's charged conduct. A sentence of 60 months would not be a disparate sentence considering sentences within this district ordered for similar situated defendants. Last, there is no restitution in this case.

## CONCLUSION

The United States submits that a sentence of incarceration is needed to protect the public generally, to provide both general and specific deterrence, and to promote the respect for the law.

Based on the above, a sentence of 60 months incarceration is reasonable and appropriate for defendant.

Respectfully submitted,

**Robert E. McGuire**
Acting United States Attorney
Middle District of Tennessee

By: **s/Brooke K. Schiferle**
Brooke K. Schiferle
Assistant U.S. Attorney
719 Church Street
Nashville, Tennessee 37203
Phone: (615) 736-5151

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *The United States' Sentencing Memorandum* will be served electronically to counsel for defendant via CM/ECF on February 18, 2025.

**s/ Brooke K. Schiferle**
Brooke K. Schiferle
Assistant United States Attorney