UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>JOSIAH ERNESTO GARCIA ) | Case No. 3:23-00081<br>CHIEF JUDGE CRENSHAW |

## POSITION STATEMENT

Through counsel, Josiah Garcia files this position statement as required by the Court. (D.E. 147) Specifically, Mr. Garcia objects to the imposition of Recommended Special Condition #3 which would prohibit Mr. Garcia from possessing or using "a computer or any device with access to 'any online computer service' at any location without the prior written approval of the United States Probation Office." For the foregoing reasons, Mr. Garcia contends that this condition is not necessary.

18 U.S.C. §3583 requires a court to consider the sentencing factors (outlined in 18 U.S.C. § 3553) when determining the length and conditions of supervised release. A sentencing court may impose a non-mandatory condition of supervised release only if it meets three requirements. *United States v. Carter*, 463 F.3d 526, 529 (6th Cir. 2006). The first requirement that the condition must me reasonably related to several sentencing factors. 18 U.S.C. § 3583(d)(1). Second, the condition must "involve no greater deprivation of liberty than is reasonably necessary for sentencing purposes." *Id*. at (d)(2). Lastly, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission. A condition must satisfy all three elements. *Carter*, 463 F.3d at 529. However, a condition does not need to satisfy every single factor and purpose within the first two requirement. *Id*. citing U.*S. v. Johnson*, 998 F.2d 696, 699 (9th Cir. 1993).

In this case, the recommended condition certainly relates to nature and circumstances of the offense. Mr. Garcia does not dispute that. But Mr. Garcia *does* dispute that his conduct reasonably relates to the other sentencing factors. First, Mr. Garcia has no criminal history – not even a traffic ticket. Before this incident, Mr. Garcia's criminal record was completely clean. Similarly, the recommended condition does not reasonably relate to the protection of the public nor general or specific deterrence. Since he was released on pretrial conditions, Mr. Garcia has had no issues complying with the Court's orders. For nearly two years, Mr. Garcia has shown that he has been adequately deterred. He has found employment on multiple occasions. He has enrolled in college. He used his computer when allowed pursuant to the narrow conditions that the Court set. Moreover, because his use of the laptop was to be used primarily for school, the recommended condition does not reasonably relate to the factor that calls for providing a defendant with needed educational or vocational training.

Because the condition is not reasonably related to most of the sentencing factors, it constitutes a great deprivation of liberty than reasonably necessary" to achieve the purposes of deterrence, protection of the public and rehabilitation. Prohibiting Mr. Garcia from using a computer will not rehabilitate him. In fact, it will prevent him from being able to continue his studies in the future. In addition to his educational endeavors, Mr. Garcia will not be able to access information linked to his personal life including online banking, tax documents, employment-related information, and many other things. Since he has been on pretrial release, it has been incredibly difficult for him to access this information as he has only been able to do so via his sister, Heather Diaz. Further, recommended special condition #4 will satisfy the probation officer's concern regarding Mr. Garcia's internet use in that all of his devices will be subject to unannounced

examinations. Mr. Garcia has never given his probation officers any reason to believe that he will use the internet in any way that is unlawful.

For the reasons stated above, Mr. Garcia requests the Court not impose recommended special condition #3.

Respectfully submitted,

/s/ *David K. Fletcher*
DAVID K. FLETCHER
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN  37203
615-736-5047
E-mail:  David_Fletcher@fd.org

Attorney for Josiah Ernesto Garcia

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 19, 2025, I electronically filed the foregoing *Position Statement* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Brooke Schiferle, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, Tennessee, 37203.

                                    /s/ *David K. Fletcher*
                                    DAVID K. FLETCHER