# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>)<br>JOSIAH ERNESTO GARCIA ) | Case No. 3:23-00081<br>JUDGE CRENSHAW |

## MOTION TO MODIFY CONDITIONS OF PROBATION

Through counsel, Josiah Garcia respectfully requests this Court modify the conditions of his probation. Specifically, Mr. Garcia requests the Court modify the condition requiring him to spend the first two years of probation at a halfway house and allow him to return to Toledo and spend the first two years of his probation on home detention.

**I.  BACKGROUND**

On April 24, 2025, this Court sentenced Mr. Garcia to a term of five years of probation. (D.E. 167) The Court specified that the first two years of the term were to be served at a halfway house in Nashville. (*Id.*) Mr. Garcia returned to Toledo and awaited instructions for where to report.

On May 2, 2025, undersigned counsel was notified by U.S. Probation officer, Andrea Testa, that Mr. Garcia had been designated to a halfway house in Louisville, Kentucky. Presumably, the Court was notified of the same information as it entered an amended judgment changing the location of the halfway house from Nashville to Louisville. (See D.E. 170).

Mr. Garcia reported to Dismas House Charities in Louisville on May 6, 2025, as directed by probation.

## II. DISCUSSION

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) ... modify ... the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. *United States v. Minor*, 440 F. App'x 479, 481–82 (6th Cir. 2011). The district court has broad discretion to impose appropriate conditions of supervised release. *United States v. Brandenburg,* 157 Fed.Appx. 875, 879 (6th Cir.2005).

Probation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation. See generally ABA Standards, supra, § 3.3. Fed. R. Crim. P. 32.1.

As of the date of this filing, Mr. Garcia has not had access to his personal cellular device for nearly two weeks. Undersigned has been in communication with AUSA Nani Gilkerson, U.S. Probation Officer, Andrea Testa, and U.S. Probation Officer for the Eastern District of Kentucky, Ticola Phillips regarding this matter. Ms. Phillips made counsel aware that Mr. Garcia cannot have a personal device due to Special Condition #3, which prohibits Mr. Garcia from possessing any device with any "online computer service" without the prior written approval of the probation office. (D.E. 170) When counsel discussed with Ms. Phillips that Mr. Garcia's current device cannot connect to any internet connection, she stated that they have no way to monitor him. She was made aware that Mr. Garcia's device was used during the entirety of his time on pretrial and had been approved by at least three different probation offices (Middle District of Tennessee and

2

both the Northern and Southern Districts of Ohio) because he could not access internet on the device.

Counsel also contacted Sarah Weidner, Director of Dismas House, to discuss this issue. Ms. Weidner informed counsel that Mr. Garcia would not be able to have access to a phone because due to probation's restrictions on him having a device. She specifically stated that Mr. Garcia "needed to get a job."

Counsel instructed Mr. Garcia to fully participate in the programming and job search assistance available through Dismas House. Mr. Garcia subsequently informed counsel that he could not proceed with a job search because he did not have a phone which was required by the employment center. So, Mr. Garcia currently cannot have a personal cellular device and because of that, he cannot apply for employment.

Additionally, Mr. Garcia is unable to participate in his college studies and has likely been kicked out of school because he is not allowed to use a computer. Ms. Phillips made counsel aware that Mr. Garcia will not be able to participate in any college courses, because he "cannot be monitored". At this specific Dismas House, no personal laptops are allowed. Additionally, no access to any computer at the halfway house is allowed. When counsel spoke with Ms. Weidner, he was made aware that Mr. Garcia would not be able to participate in any online program due to their inability to monitor him on a computer. She stated that he could take courses at the local community college, but that he would still need to be monitored, and that the office did not have the capability to monitor him even then. So, Mr. Garcia will not be able to attend any college courses.

Pursuant to Federal Rule of Criminal Procedure 32.1(c)(1) and 18 U.S.C. § 3583(e)(1), the Court may modify the conditions of probation after considering the factors set forth in 18 U.S.C. §3553(a).

Mr. Garcia is stuck between a rock and a hard place. The situation is not what either party believes to have been the intent of this Court. Because the Eastern District of Kentucky's probation office does not have software that could monitor Mr. Garcia's personal devices (even though the phone cannot access internet), he will be one of the few people at the halfway house who will not have access to a personal cell phone for two years. He will also be kicked out of his online degree program at Liberty University due to his inability to participate. Those classes began on May 8, 2025.

To date, neither the Eastern District of Kentucky probation office, nor Dismas House have offered any solutions to rectify either issue. Because Mr. Garcia can only make calls from a private landline, it is incredibly difficult for him to reach undersigned, his family, or his probation officer. He is placed in a situation where he will be unable to work or attend school for two years, while he is at Dismas House. Not only is this cruel, but it will also be regressive.

When Mr. Garcia appeared before this Court at sentencing, he had a job. He had a plan for life after sentencing if the Court allowed him to remain in the community. This is evidenced by his enrollment in an online degree program to begin his studies to reach his goal of becoming an attorney. But now, due to arbitrary reasons, Mr. Garcia will be prevented from doing so – while also being instructed that he needs to find employment. In 2025, it is not practicable to find employment without access to a personal cellular device.

4

When Mr. Garcia was in Toledo, he was working, preparing for school, and had been engaged in cognitive behavioral therapy for nearly two years. He had been in complete compliance with the Court's pretrial orders and instructions. While he will be able to start therapy soon (with a different therapist), he will be unable to work or go to school for two years. The primary purpose of a halfway house is to assist former inmates in reentering the community by providing them with the necessary resources to do so. These resources have been stripped away from Mr. Garcia.

Mr. Garcia's time on probation would be better spent in Toledo, where he had stability, family support, and a job. Additionally, because that is where he has ties to, being in Toledo would be more practicable. If the goal is to make Mr. Garcia a more productive citizen, it cannot happen under the current circumstances. The Court could confine Mr. Garcia to home for a lengthy period of time each day that would achieve more purpose than his current situation. As such, Mr. Garcia would request the Court modify his conditions to allow him to return to Toledo under the strict condition of home detention.

The undersigned has discussed this matter with Assistant United States Attorney, Nani Gilkerson who noted her objection to the request. U.S. probation officer, Andrea Testa and Ticola Phillips both expressed no position on the matter.

**WHEREFORE**, for the above and foregoing reasons, it is respectfully prayed this Honorable Court enter an order modifying the requested conditions of probation or setting for status a conference to discuss.

5

Respectfully submitted,

/s/ *David K. Fletcher*
DAVID K. FLETCHER
Assistant Federal Public Defender
810 Broadway, Suite 200
Nashville, TN 37203
615-736-5047
E-mail: David_Fletcher@fd.org

Attorney for Josiah Ernesto Garcia

6

## CERTIFICATE OF SERVICE

      I hereby certify that on May 15, 2025, I electronically filed the foregoing *Motion to Modify Conditions of Probation* with the U.S. District Court Clerk by using the CM/ECF system, which will send a Notice of Electronic Filing to the following: Nani Gilkerson, Assistant United States Attorney, 719 Church Street, Suite 3300, Nashville, Tennessee, 37203.

      /s/ *David K. Fletcher*
      DAVID K. FLETCHER