# United States District Court

for

## Middle District of Tennessee

### Report on Offender Under Supervision

Name of Offender: Josiah Ernesto Garcia          Case Number: 3:23CR00081-001

Name of Current Judicial Officer: The Honorable Waverly D. Crenshaw, Jr., U.S. District Judge

Date of Original Sentence: April 22, 2025

Original Offense(s): 18 U.S.C. § 1958 Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire

Original Sentence: Five years' probation with the first two years spent in a residential reentry center

Type of Supervision: Probation          Date Supervision Commenced: April 22, 2025

Assistant U.S. Attorney: Nani Gilkerson          Defense Attorney: David Kentrell Fletcher

The Court orders:

☐ No Action Necessary at this Time
☐ Submit a Petition for Summons
☑ Submit a Petition for Warrant
☐ Other

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted,

Considered this 28 day of May , 2025, and made a part of the records in the above case.

_____
Andrea M. Testa
Supervisory U.S. Probation Officer

_____
The Honorable Waverly D. Crenshaw, Jr.
U.S. District Judge

Place    Nashville, Tennessee

Date    May 28, 2025

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number          Nature of Noncompliance

1.          **You shall not possess or use a computer or any device with access to any "online computer service" at any location (including place of employment) without the prior written approval of the United States Probation Office. This includes any Internet service provider or any other public or private network or email system. Your residence shall not contain any electronic devices capable of Internet access without prior approval of the probation officer.**

Between April 24, 2025, and May 7, 2025, Mr. Garcia possessed and/or used virtual reality (VR) equipment with access to an online computer service and accessed the internet on his cellular telephone without prior approval from the probation officer.

Following his sentencing on April 22, 2025, through May 5, 2025, Mr. Garcia was supervised by a probation officer in the Northern District of Ohio (NDOH) and was provided approval to have a cellular telephone with the internet connection capabilities disabled.

On May 6, 2025, Mr. Garcia began his two-year residential reentry center designation at Dismas Charities Louisville (Dismas Charities), and his supervision was transferred to the Western District of Kentucky (WDKY). Mr. Garcia executed a Consent to Search Form, and the supervising officer observed that his cell phone's internet connection was disabled.

On May 8, 2025, during the cell phone approval process for Dismas Charities, the facility director discovered that on May 4, 2025, while the NDOH was supervising Mr. Garcia, Mr. Garcia communicated with someone via text message advising he may get on "VR" (virtual reality). The individual asked who Mr. Garcia was playing with on Fortnite, and he responded, "I'm playing with my IRL (in real life) best friend, his buddy from work and my IRL nephew." The individual responded, "ok," and Mr. Garcia responded, "I'll probably be on a VR later or not depending on if Kate wants to play." The supervising probation officer at the time did not provide approval for Mr. Garcia to possess any type of VR equipment and had no knowledge of VR equipment, which at a minimum requires an internet connection for setting up the headset, updating the system or games, unlocking content, and participating in multiplayer games, being in his residence.

Thereafter, the U.S. Probation Office in the WDKY initiated a data retrieval of Mr. Garcia's cellular phone for April 24, 2025, through May 7, 2025. The data revealed that although his internet was disabled on his cellular telephone at that time of his initial cell phone search by the WDKY on May 6, 2025, during the above-mentioned timeframe, Mr. Garcia accessed the internet and videos from his cellular device, including social media accounts, temporary internet files, and he downloaded Icons without prior approval.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Garcia started his term of probation on April 22, 2025, and his term of probation is scheduled to terminate on April 21, 2030. As Mr. Garcia resided in the Northern District of Ohio (NDOH) upon sentencing, supervision was initially provided by that district. After sentencing, an officer from the NDOH reviewed his Judgment and Commitment order with Mr. Garcia.

On May 6, 2025, Mr. Garcia started his RRC placement at Dismas Charities Louisville in Louisville, Kentucky, and supervision was transferred to the Western District of Kentucky (WDKY). On May 7, 2025, the U.S. Probation Office in the WDKY conducted its initial meeting and reviewed his Judgment and Commitment order imposed on April 22, 2025, and amended on May 5, 2025.

On May 8, 2025, after the facility Director of Dismas Charities discovered the previously reported text conversation, Mr. Garcia's laptop was turned over to the facility Director, in part due to Dismas Charities' rules and regulations, which prohibit clients from possessing individual laptops, and since he did not have prior approval from the probation office in the WDKY to possess it. In addition, his cellular telephone was turned over to the facility Director, as his cellular telephone could be enabled to connect to the internet, and monitoring equipment was not installed on it.

On May 16, 2025, Mr. Garcia's supervising officer in the WDKY and Mr. Garcia discussed Mr. Garcia having limited access to the probation office's computer to sign up for Commercial Driver's License (CDL) school at Jefferson Community and Technical College in Louisville, Kentucky, which Mr. Garcia reported as one of his goals while on probation. In addition, the probation officer provided him with alternative options/resolutions to meet the requirements of his probation conditions imposed and the restrictions of the RRC facility, to include a type of cellular telephone with no internet capabilities that he could obtain, possess, and utilize.

On May 19, 2025, his probation officer in the WDKY spoke with Mr. Garcia regarding the text communication that occurred on May 4, 2025, relating to VR equipment. Mr. Garcia reported he does not remember sending the message and related it could have occurred while he was experiencing one of his "black-outs," which he previously reported experiencing. Mr. Garcia reported, however, that VR equipment is in his home in Ohio.

The probation officer has counseled Mr. Garcia on the importance of abiding by his conditions of probation.

**U.S. Probation Officer Recommendation:**

The probation officer is recommending no further action be taken by the Court at this time so that Mr. Garcia can remain on probation and not incur any future violations.

Approved: _____
Andrea M. Testa
Supervisory U.S. Probation Officer