# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee

## Petition for Warrant for Offender on Supervision (Probation)

Name: Josiah Ernesto Garcia  Docket Number: 3:23CR00081-001

Name of Current Judicial Officer: The Honorable Waverly D. Crenshaw, Jr., U.S. District Judge

Date of Original Sentence: April 22, 2025

Original Offense: 18 U.S.C. § 1958 Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire

Original Sentence: Five years' probation with the first two years spent in a residential reentry center

Type of Supervision: Probation  Date Supervision Commenced: April 22, 2025

Assistant U.S. Attorney: Nani Gilkerson  Defense Attorney: David Kentrell Fletcher

---

### PETITIONING THE COURT

☐ To Issue a Summons
☒ To Issue a Warrant
☐ To Consider Additional Violations\Information

---

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☒ The Issuance of a Warrant
    ☒ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this 30th day of May, 2025, and made part of the record in the above case.

_____
The Honorable Waverly D. Crenshaw, Jr.
United States District Judge

I declare under penalty of perjury that the foregoing is true and correct.
Respectfully submitted this 29th day of May, 2025.

JaMita L. BoBo
_____
JaMita BoBo
U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | |

**You shall not possess or use a computer or any device with access to any "online computer service" at any location (including place of employment) without the prior written approval of the United States Probation Office. This includes any Internet service provider or any other public or private network or email system. Your residence shall not contain any electronic devices capable of Internet access without prior approval of the probation officer.**

Between April 24, 2025, and May 7, 2025, Mr. Garcia possessed and/or used virtual reality (VR) equipment with access to an online computer service and accessed the internet on his cellular telephone without prior approval from the probation officer.

Following his sentencing on April 22, 2025, through May 5, 2025, Mr. Garcia was supervised by a probation officer in the Northern District of Ohio (NDOH) and was provided approval to have a cellular telephone with the internet connection capabilities disabled.

On May 6, 2025, Mr. Garcia began his two-year residential reentry center designation at Dismas Charities Louisville (Dismas Charities), and his supervision was transferred to the Western District of Kentucky (WDKY). Mr. Garcia executed a Consent to Search Form, and the supervising officer observed that his cell phone's internet connection was disabled.

On May 8, 2025, during the cell phone approval process for Dismas Charities, the facility director discovered that on May 4, 2025, while the NDOH was supervising him, Mr. Garcia communicated with someone via text message advising he may get on "VR" (virtual reality). The individual asked who Mr. Garcia was playing with on Fortnite, and he responded, "I'm playing with my IRL (in real life) best friend, his buddy from work, and my IRL nephew." The individual responded, "ok," and Mr. Garcia responded, "I'll probably be on a VR later or not depending on if Kate wants to play." The supervising probation officer at the time did not provide approval for Mr. Garcia to possess any type of VR equipment and had no knowledge of the VR equipment, which at a minimum requires an internet connection for setting up the headset, updating the system or games, unlocking content, and participating in multiplayer games, being in his residence.

Thereafter, the U.S. Probation Office in the WDKY initiated a data retrieval of Mr. Garcia's cellular phone for April 24, 2025, through May 7, 2025. The data revealed that although his internet was disabled on his cellular telephone during his initial cell phone search by the WDKY on May 6, 2025, during the above-mentioned timeframe, Mr. Garcia accessed the internet and videos from his cellular device, including social media accounts, temporary internet files, and he downloaded Icons without prior approval.

**Compliance with Supervision Conditions and Prior Interventions:**

Mr. Garcia started his term of probation on April 22, 2025, and his term of probation is scheduled to terminate on April 21, 2030. As Mr. Garcia resided in the Northern District of Ohio (NDOH) upon sentencing, supervision was initially provided by that district. After sentencing, an officer from the NDOH reviewed his Judgment and Commitment order with Mr. Garcia.

On May 6, 2025, Mr. Garcia started his RRC placement at Dismas Charities Louisville in Louisville, Kentucky, and supervision was transferred to the Western District of Kentucky (WDKY). On May 7, 2025, the U.S. Probation Office in the WDKY conducted its initial meeting and reviewed his Judgment and Commitment order imposed on April 22, 2025, and amended on May 5, 2025.

On May 8, 2025, after the facility Director of Dismas Charities discovered the previously reported text conversation, Mr. Garcia's laptop was turned over to the facility Director, in part due to Dismas Charities' rules and regulations, which prohibit clients from possessing individual laptops, and since he did not have prior approval from the probation office in the WDKY to possess it. In addition, his cellular telephone was turned over to the facility Director, as his cellular telephone could be enabled to connect to the internet, and monitoring equipment was not installed on it.

On May 16, 2025, his probation officer in the WDKY and Mr. Garcia discussed Mr. Garcia having limited access to the probation office's computer to sign up for Commercial Driver's License (CDL) school at Jefferson Community and Technical College in Louisville, Kentucky, which Mr. Garcia reported as one of his goals while on probation. In addition, the probation officer provided him with alternative options/resolutions to meet the requirements of his probation conditions imposed and the restrictions of the RRC facility, to include a type of cellular telephone with no internet capabilities that he could obtain, possess, and utilize.

On May 19, 2025, his probation officer in the WDKY spoke with Mr. Garcia regarding the text communication that occurred on May 4, 2025, relating to VR equipment. Mr. Garcia reported he did not remember sending the message and related it could have occurred while he was experiencing one of his "black-outs," which he previously reported experiencing. Mr. Garcia reported, however, that the VR equipment is in his home in Ohio.

The probation officer counseled Mr. Garcia on the importance of abiding by his conditions of probation.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued for Mr. Garcia, so that he may appear before the Court to answer to the violation behavior outlined above.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. JOSIAH GARCIA CASE NO. 3:23CR00081-001

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** I

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003    PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| Custody: | Not more than 10 years* (Class C felony) 18 U.S.C. § 1958 | 87-108 months* U.S.S.G. § 5A | No Recommendation |
| Supervised Release: | Not more than 3 years 18 U.S.C. § 3583(b)(2) | 1-3 years U.S.S.G § 5D1.2(a)(2) | No Recommendation |

*If probation is revoked and the defendant is resentenced.

**Statutory Provisions:**
Under 18 U.S.C. § 3565(a) if the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure , and after considering the factors set forth in section 3553(a) to the extent that they are applicable - (1) continue him on probation, with or without extending the term or modifying or enlarging the conditions; or (2) revoke the sentence of probation and resentence the defendant under subchapter A.

**Guideline Policy Statements:**
U.S.S.G. § 7B1.1(a)(3) Grade C Violations - conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

U.S.S.G. § 7B1.3(a)(2) Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

Approved:

_____
Andrea M. Testa
Supervisory U.S. Probation Officer

# VIOLATION WORKSHEET

1. **Defendant** Josiah Ernesto Garcia

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:23CR00081 - 1

3. **District/Office** Middle District of Tennessee/ Nashville

4. **Original Sentence Date** 04 / 22 / 2025
   month / day / year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Possession or use of a computer or any device with access to internet services | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  — C

9. **Criminal History Category** *(see §7B1.4(a))* — I

10. **Range of Imprisonment** *(see §7B1.4(a))* — 3-9 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

   ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

   ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

   ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

**Defendant** Josiah Ernesto Garcia

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____     Community Confinement _____

    Fine($)      _____     Home Detention         _____

    Other        _____     Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002